# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |

PAPA I. AMAR, Individually, and on Behalf of All
Other Persons Similarly Situated,

      Plaintiffs,

      **V.**

CONWAY STORES, INC., MORRIS COHEN,
DANIEL J. UEBBING, and JOHN DOES #1-10,
Jointly and Severally,

      Defendants.

## SUMMONS IN A CIVIL CASE

CASE NUMBER: **08 CV 5219**

*JUDGE SULLIVAN*

TO: (Name and address of defendant)

CONWAY STORES, INC., MORRIS COHEN, DANIEL J. UEBBING,39 West 37th
Street, New York, N.Y. 10018

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William C. Rand, Esq., Law Office of William Coudert Rand, 711 Third Avenue, Suite
1505, New York, N.Y. 10017

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

JUN 0 6 2008

CLERK

*Catherine Lapsley*

(BY) DEPUTY CLERK

DATE

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Co-counsel
Jeffrey M. Gottlieb, Esq. (JG-7905)
Gottlieb & Associates
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiffs



RECEIVE
JUN 0 6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PAPA I. AMAR,                                          :     ECF
Individually and on Behalf of All Other Persons   :     08 Civ. _____
Similarly Situated,                                   :
                                                      :
                        Plaintiffs,                   :
                                                      :
            -against-                                 :
                                                      :
CONWAY STORES, INC., MORRIS COHEN,     :
DANIEL J. UEBBING,                                    :
And JOHN DOES #1-10, Jointly and Severally,   :
                                                      :
                        Defendants.                   :
----------------------------------------------------------------X

Plaintiff PAPA I. AMAR, individually and on behalf of all other persons similarly

situated, through his attorneys, complaining of Defendants CONWAY STORES, INC., MORRIS

COHEN, DANIEL J. UEBBING, and JOHN DOES #1-10, jointly and severally, alleges as

follows:

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of himself and other similarly situated current and

former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from

Defendants for hours worked as well as for overtime hours worked for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.     Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for work performed and for overtime work performed for which they did not receive regular and overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.     Plaintiff PAPA I. AMAR was, at all relevant times, an adult individual, residing in New York County, New York.

7.     Upon information and belief, Defendant CONWAY STORES, INC. (the "Corporate Defendant") is a New York corporation, with its principal place of business at 39

West 37th street, New York, N.Y. 10018.

8.      Upon information and belief, Defendant MORRIS COHEN is an officer, director and/or managing agent of the Corporate Defendant, whose personal residential address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

9.      Upon information and belief, Defendant DANIEL J. UEBBING is an officer, director and/or managing agent of the Corporate Defendant, whose personal residential address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

10.     Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

11.    Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as Department Managers or similar positions with different titles at any time since June 6, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

12.    This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

13.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

14.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There

4

will be no difficulty in the management of this action as a collective action.

15.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are

> a.  whether Defendants employed the Collective Action members within the meaning of the FLSA;
>
> b.  whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;
>
> c.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> d.  whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;
>
> e.  whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;
>
> f.  whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;
>
> g.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and
>
> h.  whether Defendants should be enjoined from such violations of the FLSA in

5

the future.

16.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

17.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

18.     Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants as Department Managers or similar positions with different titles at any time since June 6, 2002, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid regular wages and overtime wages in violation of the New York Labor Law (the "Class").

19.     The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there at least 40 members of Class during the Class Period.

20.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy— particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

21.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief

with respect to the class as a whole.

22.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

23.    Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

24.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a.  whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

   b.  whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

   c.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d.  whether Defendants failed and/or refused to pay the members of the Class for all hours worked and/or premium pay for hours worked in excess of forty hours per workweek pursuant to the New York Labor Law;

   e.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

   f.  whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

25.    Defendants operate a chain of more than 18 retail stores located in the New York area named "Conways," which sell clothing, among other things.

26.     Plaintiff is and was employed by Defendants as a stockperson/salesperson with the title of "Department Manager" at the Defendants' store located at 160-16 Jamaica Avenue, Queens, New York from on or about May 14, 2007 until the present (the "time period").

27.     Upon information and belief, Morris Cohen is the owner and chief executive officer of Corporate Defendant and Daniel J. Uebbing is an officer of the Corporate Defendant with the title "Vice President, Human Resources."

28.     During the time period Plaintiff worked for Defendant as a stockperson/salesperson. He stocked merchandise on displays, moved merchandise around the store, moved merchandise from the stockroom to the sales floor, assembled and constructed store shelving and displays, assembled and constructed merchandise such as strollers and baby carriages, and assisted customers on the shop floor with purchasing store products such as baby strollers, cribs, walkers and baby carriers and clothing including but not limited to jackets, dresses, sweaters, blouses, skirts and tee shirts. He also apprehended shoplifters and opened and closed the store.

29.     Upon information and belief, Defendants monitored their employees hours using an electronic time clock.

30.     Plaintiff timed in and out of his job using an electronic time clock.

31.     Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

32.     The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

33.     Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff any compensation for all of the hours worked by him as well as overtime

8

compensation of one and one-half times his regular hourly rate, in violation of the FLSA, the
New York Labor Law and the supporting New York State Department of Labor regulations.

34.     In addition to the Plaintiff, during the time period Defendants usually employed at
least 40 other employees simultaneously.

35.     Throughout that time and, upon information belief, both before that time
(throughout the Class Period) and continuing until today, the Defendants have likewise
employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in
positions that required little skill and no capital investment and their duties and responsibilities
did not include any managerial responsibilities or the exercise of independent judgment. They
like Plaintiff do or did not have the authority to hire or fire other employees, and they are or were
not responsible for making hiring and firing recommendations.

36.     Such individuals have worked in excess of 40 hours a week, yet the Defendants
have likewise willfully failed to pay them any compensation for all of the hours worked by them
as well as overtime compensation of one and one-half times their regular hourly rate, in violation
of the FLSA and the New York Labor Law.

37.     As stated, the exact number of such individuals is presently unknown, but within
the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

38.     Throughout all relevant time periods, upon information and belief, and during the
course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective
Action Members/the Class, Defendants failed to maintain accurate and sufficient time records.

39.     Upon information and belief, throughout all relevant time periods and during the
course of Plaintiffs' own employment and while  Defendants employed Plaintiffs and the
Collective Action Members, Defendants failed to post or keep posted a notice explaining the

9

minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

40.     Plaintiff repeats and realleges each and every allegation of the preceding
paragraphs hereof with the same force and effect as though fully set forth herein.

41.     At all relevant times, Defendants have been and continue to be, an employer
engaged in interstate commerce and/or the production of goods for commerce, within the
meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs
and each of the Collective Action Members within the meaning of the FLSA.

43.     Upon information and belief, at all relevant times, Defendants have had gross
revenues in excess of $500,000.

44.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C.
§216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

45.     At all relevant times, the Defendants had a policy and practice of refusing to pay
overtime compensation to its employees for their hours worked in excess of forty hours per
workweek.

46.     As a result of the Defendants' willful failure to compensate its employees,
including Plaintiff and the Collective Action members, at a rate not less than one and one-half
times the regular rate of pay for work performed in excess of forty hours in a workweek, the
Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including
29 U.S.C. §§ 207(a)(1) and 215(a).

47.     As a result of the Defendants' failure to record, report, credit and/or compensate

10

its employees, including Plaintiffs and the Collective Action members, the Defendants have
failed to make, keep and preserve records with respect to each of its employees sufficient to
determine the wages, hours and other conditions and practices of employment in violation of the
FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

48.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA
within the meaning of 29 U.S.C. § 255(a).

49.    Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class
are entitled to recover from the Defendants, their unpaid overtime compensation, an additional
amount equal as liquidated damages, additional liquidated damages for unreasonably delayed
payment of wages, reasonable attorneys' fees, and costs and disbursements of this action,
pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

50.    Plaintiff repeats and realleges each and every allegation of the preceding
paragraphs hereof with the same force and effect as though fully set forth herein.

51.    At all relevant times, Plaintiff and the members of the Class were employed by
Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

52.    Defendants willfully violated Plaintiff's rights and the rights of the members of
the Class, by failing to pay them compensation for all of their hours worked, overtime
compensation at rates not less than one and one-half times the regular rate of pay for each hour
worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its
regulations.

53.    The Defendants' New York Labor Law violations have caused Plaintiff and the
members of the Class, irreparable harm for which there is no adequate remedy at law.

11

54.     Due to the Defendants' New York Labor Law violations, Plaintiff and the

members of the Class are entitled to recover from Defendants their unpaid wages and unpaid

overtime compensation, reasonable attorneys' fees, and costs and disbursements of the action,

pursuant to New York Labor Law § 663(1) et al.

55.     Plaintiffs waives their rights to liquidated damages pursuant to the New York

Labor law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective

Action Members and members of the Class, respectfully requests that this Court grant the

following relief:

a.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2)

and (3) on behalf of the members of the Class and appointing Plaintiff and his

counsel to represent the Class;

b.      An order tolling the statute of limitations;

c.      Designation of this action as a collective action on behalf of the Collective Action

Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all

similarly situated members of an FLSA Opt-In Class, apprising them of the

pendency of this action, permitting them to assert timely FLSA claims in this

action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and

appointing Plaintiff and his counsel to represent the Collective Action members;

d.      A declaratory judgment that the practices complained of herein are unlawful

under the FLSA and the New York Labor Law;

e.      An injunction against Defendants and their officers, agents, successors,

12

employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.    An award of wages and unpaid overtime compensation due under the FLSA and the New York Labor Law;

g.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 ;

h.    An award of prejudgment and postjudgment interest;

i.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.

Dated: New York, New York
        June 6, 2007

LAW OFFICE OF WILLIAM COUDERT RAND

By: _____
William Coudert Rand (WR 7685)

Attorney for Plaintiff, Individually, and
on Behalf of All Other Persons Similarly Situated

711 Third Ave., Suite 1505
New York, New York 10017
Telephone: (212) 286-1425
Facsimile: (212) 599-7909

Co-Counsel
Jeffrey M. Gottlieb (JG 7905)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Conway Stores, Inc., Morris Cohen, Daniel Webbing to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Papa i Amar._                    Papa Amar
Signature                Date     Print Name